IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Trinell N. Bennett, | Case No. 4:08 CV 323 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| J. T. Shartle, Warden, | |
| Respondent. | |

*Pro se* Petitioner Trinell Bennett filed this request for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Bennett, currently incarcerated at the Federal Correctional Institution in Elkton, Ohio (FCI Elkton), seeks relief from the Bureau of Prisons' (BOP) determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for his successful completion of a drug treatment program.  For the reasons stated below, the Petition is dismissed.

### BACKGROUND

Bennett pled guilty to one count of being a felon in possession of a firearm, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(A)(2), and was sentenced to thirty-three months in prison on September 25, 2006.

While incarcerated at FCI Elkton, Bennett was accepted into the "Institution Drug Treatment Program."  After completion of the Program, he was advised he would not be awarded "his six to nine month sentence reduction" (Pet. at 2).  He was denied eligibility for a reduction of his sentence based

on his conviction of being a felon in possession of a firearm. This action was taken pursuant to BOP Policy Statement 5162.04.

## ANALYSIS

Bennett now seeks habeas relief on the following ground (Pet. at 3-4):

[T]he BOP is denying him his sentence reduction that he is entitled to pursuant to 3621(e)(2)(b).

The petitioner further contends that the program statement 5162.04 which is being used to deny the eptitioner [sic] for early release, is itself invalid, and cannot therefore be used to deny him elgibility [sic] for early release, due to his completion of the institution drug program.

\* \* \*

Finally the petitioner claims that the BOP's decision to exclude him from early release violated his rights to due process and equal protection.

Relying on *Hobbs v. Hemingway*, No. 04-CV-70678-DT, 2004 U.S. Dist. LEXIS 29158 (E.D. Mich. July 16, 2004), he claims that, as BOP P.S. 5162.04 denies an inmate's eligibility for early release, it should be classified as a legislative rule and "promulgated in compliance with the APA's notice and comment procedure" (Pet. at 4). Bennett argues P.S. 5162.04 does not comply with the Administrative Procedure Act (APA) and cannot be relied upon to deny his early release. As further support, he cites the Ninth Circuit's holding in *Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir. 2005), which found the interim 1997 regulation codified at C.F.R. § 550.58(a) to be a "substantive" rule and invalid for failing to provide thirty (30) days for the notice and comment required by Section 553(b), (c), and (d), of the APA.[1]

---

[1] For a full discussion on the relevant statute, regulation and program statement, see *Sizemore v. Marberry*, No. 04-CV-72282-DT, 2005 WL 1684132 at \*1 (E.D. Mich. July 14, 2005).

2

## 28 U.S.C. § 2241

A petition for a writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Where, as here, Petitioner's custodian is located within the Northern District of Ohio, this Court has personal and subject matter jurisdiction over his challenge to the BOP's determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e) (2)(B). *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001).

### REDUCTION OF SENTENCE

Pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP may, in its discretion, reduce the sentence of an inmate convicted of a non-violent offense by up to one year following the successful completion of a substance abuse treatment program:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

The BOP adopted 28 C.F.R. § 550.58 as a guide for the implementation of the early release program. The regulation states in pertinent part:

> (a) Additional early release criteria. (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
> \* \* \*
> (vi) Inmates whose current offense is a felony:
> \* \* \*
> (B) that involved the carrying, possession, or use of a firearm.

28 C.F.R. § 550.58(a)(1)(vi)(B).

The Supreme Court upheld § 550.58 and determined that the BOP, pursuant to its discretion to prescribe additional early release criteria, is entitled to categorically exclude certain inmates from

3

early release. *Lopez v. Davis*, 531 U.S. 230, 238-245 (2001). The Court stated that "the Bureau need not blind itself to preconviction conduct that the agency reasonably views as jeopardizing life and limb." *Id*. at 242. "The Bureau may consider aspects of the conduct of conviction, even though the conviction is a criterion of statutory eligibility." *Id* at 243.

Ignoring *Lopez*, Bennett instead relies on the Ninth Circuit's opinion in *Paulsen*. *Paulsen*, however, addressed a challenge to the "procedural" validity of the interim rule, targeting the narrower issue of whether the BOP violated the APA in adopting an interim rule in 1997. 413 F.3d at 1004. The question *Lopez* answered, and which forecloses Bennett's argument, is whether the BOP exceeded its discretion in establishing certain early release requirements. The Supreme Court, and a later Ninth Circuit opinion, unequivocally held that the BOP did not exceed its discretion. *See Lopez*, 531 U.S. at 242; *Bowen v. Hood*, 202 F.3d 1211 (9th Cir. 2000).

Even if, as Bennett suggests, the 1997 interim regulation in 28 C.F.R. § 550.58 was improperly promulgated -- and no such determination is made here -- the Program Statement would not be affected as it is an "internal agency guideline" that merely vests discretion in the Director to interpret what Section 3621(e) defines as a "nonviolent offense." *Sizemore v. Marberry*, No. 04-CV-72282-DT, 2005 WL 1684132 at *3-4 (E.D. Mich. July 14, 2005). Several courts,[2] including one in this Circuit, have disagreed with *Paulsen*, and have determined that P.S. 5162.04 is an "interpretive" rule, construing both Title 18 U.S.C. § 3621(e) and the final 2000 codification of the Regulation, 28 C.F.R. § 550.58 (BOP Program Statements are "internal agency guidelines," that are

---

[2] The other district courts which have addressed this issue include: *Thomas v. Middlebrooks*, No. 5:06-CV-113-SPM, 2006 WL 3020825 at *4 (N.D. Fla. Oct. 19, 2006); *McKenzie v. Terrell*, No. 05-3372-RDR, 2006 WL 1764344 at *6 (D. Kan. June 27, 2006)*; Gibson v. Walton*, No. 05-2600, 2006 WL 1428274 at *3 (D. Minn. May 23, 2006).

interpretive rules not subject to APA notice and comment procedures). Lastly, Bennett entered the Program nearly seven (7) years after the final regulation was adopted in 2007, 65 FED. REG. 80,745, and therefore his request for sentence reduction is governed by the final version of the regulation, not the interim rule.

Bennett was convicted of being a felon in possession of a firearm, a felony offense, and the BOP properly determined that he was ineligible for a sentence reduction. *See United States v. Smith*, 474 F.3d 888, 894-95 (6th Cir. 2007).

### EQUAL PROTECTION CLAUSE

Bennett's equal protection claim is also without merit. In order to state a claim under the Equal Protection Clause of the Fourteenth Amendment, he must allege that a state actor intentionally discriminated against him because of membership in a protected class. *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). Prisoners are not a suspect class under equal protection principles. *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 1998). Bennett's equal protection claim is without merit because he failed to allege any facts which show that the BOP intentionally discriminated against him on the basis of a protected class, such as race, religion, or nationality. *See Carnes v. Engler*, 76 F. App'x 79, 81 (6th Cir. 2003); *see also Swant v. Hemingway*, No. 01-1849, 2001 WL 1450752 (6th Cir. Oct. 30, 2001) (exclusion of inmate whose drug sentence included a weapon enhancement from eligibility under Section 3621(e) for successfully completing a drug treatment program did not violate equal protection).

## DUE PROCESS

In order to state a claim under the Due Process Clause, the procedure must create a liberty interest sufficient for due process protection. Such a liberty interest must be based upon a "legitimate claim of entitlement." *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577(1972)). Nothing in the Constitution, or 18 U.S.C. § 3621(e)(2)(B), or the original 28 C.F.R. § 550.58, creates a liberty interest in early release. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (where statute leaves decisionmaker with unfettered discretion over grant or denial of benefit, no liberty interest in that benefit); *Greenholtz*, 442 U.S. at 7 (no generalized constitutional right to reduced sentence). Where an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Here, Bennett failed to show, as a matter of law, that he has a liberty interest based on any legitimate entitlement to early release from prison.

## CONCLUSION

Based on the foregoing, this Petition is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 30, 2008

6